UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANGELA MARIE LEE By and Through Next Friend, RENEE B. LEE<br><br>Plaintiffs,<br><br>v.<br><br>ALBERT LEE BORDERS, et al.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  Cause No. 4:09CV01977 TIA<br>)<br>)<br>)<br>) |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS**

Defendants Missouri Department of Mental Health and St. Charles Habilitation Center, by and through counsel, submits the following memorandum in support of its motion to dismiss.

**INTRODUCTION**

Count III of the Complaint contains alleged violation of federal constitutional rights brought under 42 U.S.C. § 1983 against Defendants Missouri Department of Mental Health and St. Charles Habilitation Center.  (Doc. 1-4, Count III, p. 10-11).  As a matter of law, plaintiff's claims against the Missouri Department of Mental Health and its

St. Charles Habilitation Center should be dismissed because the Eleventh Amendment bars all of the plaintiff's claims.

### Motion to Dismiss Standard

Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law.  Neitzke v. Williams, 490 U.S. 325, 326 (1989); Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  This procedure, operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and factfinding. Neitzke, 490 U.S. at 326.  If, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately availing one.  Id. (quoting Hishon, 467 U.S. at 73).  In this case, because the complaint contains claims that are unsupportable as a matter of law, these claims must be dismissed under Rule 12(b)(6).

**The Eleventh Amendment bars plaintiff's claims.**

The Eleventh Amendment provides:

> The judicial power of the United States shall not be construed
> to extend to any suit in law or equity, commenced or prosecuted
> against one of the United States by Citizens of another State, or
> by Citizens or Subjects of any Foreign State.

Absent consent to be sued or Congressional abrogation, "a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." Pennhurst State School & Hosp. v Halderman, 465 U.S. 89, 100 (1989).  See also,

Coller v. State of Missouri, Dep't of Econ. Dev., 965 F.Supp. 1270, 1274 (W.D. Mo. 1997), citing Will v Michigan Dep't of State Police, 491 U.S. 58 (1989); Under the Eleventh Amendment, all claims against a state in federal court are barred unless one of two well-established exceptions exists.  Williams v. State of Mo., 973 F.2d 599, 600 (8th Cir. 1992); Barnes v. State of Mo., 960 F.2d 63, 64 (8th Cir. 1992).  First, Eleventh Amendment immunity is waived where Congress has statutorily abrogated such immunity by "clear and unmistakable language."  Welch v. Texas Dept. of Hwys. & Public Transp., 483 U.S. 468, 474 (1987); Barnes, 960 F.2d at 64.  Second, a state itself may waive its immunity, but "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." Welch, 483 U.S. at 473; Barnes, 960 F.2d at 65.

In the present case, plaintiff acknowledges in his complaint that Defendant St. Charles Habilitation Center was run and overseen by Defendant Missouri Department of Mental Health.  (Doc. 1-4).  The Department of Mental Health is an agency of the State of Missouri.  R.S.Mo. 630.005 (2000).

Congress "has not waived the states' Eleventh Amendment immunity by enacting §

1983." <u>Barnes</u>, 960 F.2d at 65; <u>Williams</u>, 973 F.2d at 600.  Furthermore, the state itself has not waived its immunity in § 1983 actions: Missouri's narrow waiver of its sovereign immunity does not include constitutional claims such as those raised by plaintiff. <u>Williams</u>, 973 F.2d at 600; <u>Barnes</u>, 960, F.2d at 65; <u>See</u> MO. REV. STAT. § 537.600 (2000).  Thus, Eleventh Amendment immunity is applicable to the claims brought in Count III against the Missouri Department of Mental Health and the St. Charles Habilitation Center and should be dismissed.

## CONCLUSION

For the reasons set forth above, defendants Missouri Department of Mental Health and  St. Charles Habilitation Center pray that this Court enter an order dismissing Count III and grant such other relief as this Court deems just and proper.

Respectfully Submitted,

**CHRIS KOSTER**
Attorney General

/s/Denise G. McElvein
Assistant Attorney General
P. O. Box 861
St. Louis, MO 63101
(314) 340-7861 (telephone)
(314) 340-7029 (fax)

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of March, 2010, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to:

Derek M. Rudman
Douglas B. Rudman
Timothy J. Smith
Attorneys for Plaintiffs
2611 South Big Bend Boulevard
St. Louis, MO 63143

/s/ Denise G. McElvein
Denise G. McElvein
Assistant Attorney General