UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANGELA MARIE LEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:09CV1977 TIA |
| ) | |
| ALBERT LEE BORDERS, ST. CHARLES ) | |
| HABILITATION CENTER, and MISSOURI ) | |
| DEPARTMENT OF MENTAL HEALTH, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Angela Marie Lee's Memorandum in Opposition to Removal to Federal Court and Motion to Remand to State Court (Docket No. 4). Defendants St. Charles Habilitation Center and Missouri Department of Health[1] filed opposition thereto.

On October 28, 2009, Plaintiff, a Missouri resident, filed a Petition against Defendants St. Charles Habilitation Center, Missouri Department of Health, and Albert Lee Borders (collectively referred to as "Defendants") in the Circuit Court of St. Charles County, Missouri, seeking to recover under 42 U.S.C. § 1983 for the alleged deprivation of Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments. On December 3, 2009, Defendants St. Charles Habilitation Center and Missouri Department of Health removed the case to this Court on the basis of federal question jurisdiction. (Docket No. 1/filed December 3, 2009). As a basis for remand, Plaintiff contends that her "Petition includes Missouri State and Federal claims and said matters can properly be determined in Missouri State Court." Pltf.'s Memorandum in Opposition to Removal to Federal Court and

---

[1]At the time Defendants filed their Opposition, Defendant Albert Lee Borders had not been served.

Motion to Remand to State Court (Docket No. 4/filed December 14, 2009) at ¶ 4.

Defendants removed the cause to this Court, invoking this Court's federal question jurisdiction. As to the merits of removal, Defendants contend that the petition presents two claims arising under 42 U.S.C. § 1983 and a state law claim arising from the same case or controversy underlying the federal claims thus justifying removal. Federal question jurisdiction is available and federal district courts have original jurisdiction in actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Removal based on federal question jurisdiction is governed by the well pleaded complaint rule: jurisdiction is established only if a federal question is presented on the face of the plaintiff's properly pleaded complaint. Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005). Federal jurisdiction may be found from a complaint if adjudication of a state claim would turn on a federal constitutional or other important federal question, even where only state law issues have been pled. See Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804, 808-09 (1986). If even one claim in the complaint involves a substantial federal question, the entire matter may be removed. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 9 (2003).

Plaintiff in her petition asserts authority for the claims pursuant to 42 U.S.C. § 1983 in Counts II and III. A review of Plaintiff's petition shows that the petition raises a federal question because Plaintiff asserts claims under 42 U.S.C. Section 1983 for alleged violations of federal constitutional rights. When a federal question is present on the face of the petition, this Court has original jurisdiction and the action may be removed to federal court. See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392-93 (1987). Further, this Court has supplemental jurisdiction over Plaintiff's state law claim inasmuch as it forms part of the same case or controversy as her § 1983 claims. See 28 U.S.C.

§ 1367(a). The undersigned concludes that the instant case was properly removed. See Gaming Corp. of Am. v. Dorsey & Whitney, 88 F.3d 536, 542 (8th Cir. 1996) (stating that district court has no discretion to remand a claim that states a federal question).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Angela Marie Lee's Memorandum in Opposition to Removal to Federal Court and Motion to Remand to State Court (Docket No. 4) is **DENIED**.

/s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this  28th  day of July, 2010.