UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ANGELA MARIE LEE, By and Through Next Friend, RENEE B. LEE, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 4:09CV1977 TIA |
| ALBERT LEE BORDERS, ST. CHARLES HABILITATION CENTER, and MISSOURI DEPARTMENT OF MENTAL HEALTH, | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss (Docket No. 6). The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

## I. Background

Plaintiffs originally filed suit against Defendants in the Circuit Court of St. Charles County in a three-count . On December 3, 2009, Defendants St. Charles Habilitation Center and Missouri Department of Mental Health removed the case to federal court on the basis that Counts II and III are brought under 42 U.S.C. § 1983 for alleged deprivation of Plaintiffs' right under the Fourth, Fifth, and Fourteenth Amendments. In Count I, Plaintiff asserts a state law claim of battery against Defendant Borders.

Defendants St. Charles Habilitation Center and Missouri Department of Mental Health filed a Motion to Dismiss, arguing that Plaintiffs have failed to state a claim for which relief can be granted because the claims are barred by the Eleventh Amendment. Plaintiffs assert that Defendants has waived sovereign immunity due to the existence of an insurance policy covering the claims at issue.

The United States Supreme Court has held that a complaint must be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007) (abrogating the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). While the Court cautioned that the holding does not require a heightened fact pleading of specifics, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. Id. at 556.

Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. See Id. at 555; see also Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff). Further a court should not dismiss the complaint simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Twombly, 550 U.S. at 556. However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." Benton v. Merrill Lynch & Co., 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted). Further, courts "'are not bound to accept as true a legal

conclusion couched as a factual allegation.'" Ashcroft v. Iqbal, __ U.S. __ , 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555). When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. Legal conclusions must be supported by factual allegations to survive a motion to dismiss. Id.

Defendants St. Charles Habilitation Center and Missouri Department of Mental Health contend that Plaintiffs' Count III should be dismissed because Defendants are immune from suits under the doctrine of sovereign immunity. Mo. Rev. Stat. § 537.600.

On April 1, 2010, Plaintiffs filed their response in opposition to Defendants St. Charles Habilitation Center and Missouri Department of Mental Health's Motion to Dismiss stating that, upon information and belief, Defendants have waived sovereign immunity by establishing some type of insurance coverage for the claim at issue. A review of Count III of the Petition shows that Plaintiffs did not allege a waiver of sovereign immunity. To satisfy the insurance policy exception, "a plaintiff must plead that the state entity has an insurance policy." Martin v. Board of Police Comm'rs of St. Louis City, Mo., 2008 WL 1732925, at *2 (E.D. Mo. April 10, 2008) (citing Epps v. City of Pine Lawn, 353 F.3d 588. 594 (8th Cir. 2003)). Therefore, on the face of the Petition, this Court lacks jurisdiction over Plaintiffs' claims against Defendants St. Charles Habilitation Center and Missouri Department of Mental Health. Accordingly, the undersigned will grant Defendants' Motion to Dismiss on the basis of sovereign immunity. Plaintiffs may reassert a waiver of sovereign immunity by filing an Amended Complaint upon proper motion, should they choose to do so.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants St. Charles Habilitation Center and Missouri Department of Mental Health's Motion to Dismiss (Docket No. 6) is **GRANTED**.

/s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this  19th   day of November, 2010.