UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANGELA MARIE LEE, By and Through Next Friend, RENEE B. LEE, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) No.  4:09CV1977 TIA |
| ALBERT LEE BORDERS, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Amend Judgment to Include Post-Judgment Interest (Docket No. 120). Defendant has not filed opposition thereto. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

The Eighth Circuit calculates post-judgment interest at the rate specified in 28 U.S.C. § 1961. EEOC v. Dooley, 2008 WL 631175 (D.S.D.) (citing Novak v. Mackintosh, 937 F.Supp. 873, 883 (D.S.D. 1996)) (citing Mansker v. TMG Life Ins. Co., 54 F.3d 1322, 1331 (8th Cir. 1995)).

28 U.S.C. § 1961 provides:

a.  Interest shall be allowed on any money judgment in a civil case recovered in a district court. ... Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield as published by the Board of Governors of the Federal Reserve System for the calendar week preceding the date of the judgment.

The Court assumes that Defendant does not dispute Plaintiff's entitlement to post-judgment interest inasmuch as Defendant did not file any opposition to Plaintiff's motion requesting the judgment be amended to include the award of post-judgment interest.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend Judgment to Include Post-Judgment Interest (Docket No. 120) is **GRANTED**.

/s/ Terry I. Adelman<br>UNITED STATES MAGISTRATE JUDGE

Dated this   24th   day of May, 2012.