UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ANGELA MARIE LEE, By and Through )
Next Friend, RENEE B. LEE, )
  )
            Plaintiffs, )
  )
  v. )        No.  4:09CV1977 TIA
  )
ALBERT LEE BORDERS, )
  )
            Defendant. )

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on Plaintiffs' Supplemental Bill of Costs and Motions for

Attorney's Fees.  Defendant has filed objections.

### I.       <u>Background</u>

Plaintiffs originally filed suit against Defendants Albert Lee Borders, St. Charles Habilitation

Center, and the Missouri Department of Mental Health in the Circuit Court of St. Charles County in

a three-count petition.  On December 3, 2009, Defendants St. Charles Habilitation Center and

Missouri Department of Mental Health removed the case to federal court on the basis that Counts

II and III are brought under 42 U.S.C. § 1983 for alleged deprivation of Plaintiffs' right under the

Fourth, Fifth, and Fourteenth Amendments.  On November 19, 2010, the undersigned granted

Defendants St. Charles Habilitation Center and Missouri Department of Mental Health's Motion to

Dismiss.

On April 12, 2012, the jury returned a verdict in favor of Plaintiff Angela Marie Lee on each

of her claims against Defendant Borders and awarded a total of $1,000,000.00 in compensatory

damages and $3,000,000.00 in punitive damages.  Plaintiffs timely filed a Bill of Costs and

Supplemental Bill of Costs in the total amount of $19,432.08. These costs include $4,200.00 in fees for exemplification and copies necessarily obtained for use in the case; $94.00 fees of Clerk; $345.00 fees for witnesses; $1,184.74 fees for service of summons and subpoena; and $13,535.94 in other costs. In support of the Bill of Costs, Plaintiffs have submitted invoices and various copies of receipts and copies of canceled checks. (Docket No. 136). The Bill of Costs is also accompanied by the declaration of Timothy Smith affirming that the expenses claimed were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed.

## II.    Legal Standard

Recovery of costs in the district court is generally governed by statute and the Federal Rules of Civil Procedure. See 28 U.S.C. § 1920; Fed. R. Civ. P. 54(d). Although there is a presumption of awarding costs to the prevailing party, the district court has substantial discretion in awarding costs." Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 762 (8th Cir. 2006).

Not all costs are taxable against the losing party. Under 28 U.S.C. § 1920, allowable costs are limited to the following:

> (1) Fees of the Clerk and Marshal;
>
> (2) Fees for printed or electronically stored transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court-appointed experts, compensation of

> interpreters, and salaries, fees, expenses, and costs of special
> interpretation services under section 1828 of this title.

It is well settled that district courts are "bound by the limitations" established by section 1920, and costs not listed under that section are not taxable.  See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 444-45 (1987).

Because judgment the Court entered in their favor, Plaintiffs are the prevailing party in this litigation and are entitled to reimbursement for their costs as set out in section 1920.  After reviewing Plaintiffs' Bill of Costs and Supplemental Bill of Costs together with the exhibits in support, the Court concludes that some of the listed charges are not taxable under section 1920, and so the undersigned will deny in part Plaintiffs' motion in the amount requested.

**II. Discussion**

At the outset, the undersigned notes that Plaintiffs have voluntarily agreed to withdraw the requested late fee of $10 from the Research Fees dated September 12, 2011, the $10.00 parking ticket fee dated November 1, 2011, the $17.31 fee for reimbursement of batteries, and the $30.00[1] requested for the services of Jamie DeRousse.

**A. Fees for Exemplification and Copies of Papers**

Plaintiffs request $4,200.00 for exemplification and copying charges.  Plaintiffs fail to submit any documents in support of the requested fee.  In a Note, Plaintiffs state as follows: "$0.35 is the agreed upon contractual expense per copy.  All copies were necessary for the furtherance of the instant case and not duplicative.  The fair estimate is 24 reams of paper were dedicated to the

---

[1]The undersigned notes that the amount requested appears to be $60, not $30.

instant case, as counting reams of paper was more efficient than individual pieces. This estimate does not include certain medical records that were provided by Opposing Counsel."

"Copying costs are only taxable if the copies were 'necessarily obtained for use in the case.'" St. Louis Convention & Visitors Comm'n v. NFL, 1998 U.S. Dist. LEXIS 22219, at *11 (E.D. Mo. Sept. 14, 1998) (quoting 28 U.S.C. § 1920). If the copies are made for the convenience of the prevailing party or his attorney, the costs of making those copies are not taxable. Id. at *12. "The absence of entries describing what documents were photocopied, and for what purpose, prohibits the Court from weighing in on the necessity of the photocopying and exemplification charges." Freedom Mortg. Corp. v. Burnham Mortg., Inc., 2008 WL 4534162, *1 (N.D. Ill. 2008); see also Droste v. Julien, 2006 U.S. Dist. LEXIS 28317, at *6 (E.D. Mo. Apr. 27, 2006).

The documentation provided by Plaintiffs does not supply the Court with sufficient information to determine whether the amount claimed for copying is reasonable and taxable. The blanket assertion in the note only indicates that the copies were necessary and not duplicative but does not indicate whether the copies were obtained for the convenience of the Plaintiffs or their counsel. The submission of an affidavit that affirms in a general way that the expenses listed were necessarily incurred in the defense in the case is not an adequate substitute for providing appropriate documentation. See e.g. Standard Communications, Inc. v. U.S., 106 Fed. Cl. 165 (2012) ("As the prevailing party alone knows the purpose of the copies, it cannot simply make unsubstantiated claims that copies of the documents were necessary.").

Plaintiffs' request for copies made in-house will be disallowed for lack of documentation. Plaintiffs have provided no information concerning the types of documents which were copied in house. The documentation submitted in support of these copy costs is inadequate for the Court to

- 4 -

conduct a meaningful review of these items.  See Yaris v. Special Sch. Dist. of St. Louis County, 604 F. Supp. 914, 915 (E.D. Mo. 1985), aff'd, 780 F.2d 724 (8th Cir.), cert. denied, 476 U.S. 1172 (1986).  In the absence of such information, the Court may disallow these expenses. Id.  Accordingly, Plaintiffs are not entitled to recover $4,200.00 for exemplification and copies.

### B. Postage and Faxes

Courts may award costs not specifically enumerated in 28 U.S.C. § 1920, but must exercise "sparingly" their discretion to do so. Farmer v. Arabian American Oil Co., 379 U.S. 227, 235 (1964). Postage is not an item included under § 1920 and many courts, including the Eighth Circuit, choose not to award these costs to prevailing parties. See Smith v. Tenet Health System SL, Inc., 436 F.3d 879 (8th Cir. 2006) (section 1920 does not authorize taxing the losing party with the prevailing party's postage and delivery expenses); Hollenbeck v. Flastaff Brewing Corp., 605 F. Supp. 421 (E.D. Mo. 1985) (postage expenses are to be considered "out-of-pocket expenses" and not "costs" under § 1920); see also Avirgan v. Hull, 705 F. Supp. 1544, 1546 (S.D. Fla. 1989); Doe v. Rumsfeld, 501 F. Supp. 2d 186, 195 (D.D.C. 2007); Duckworth v. Whisenant, 97 F.3d 1393, 1399 (11th Cir. 1996).  Likewise, the Eighth Circuit has held that such expenses as long distance, fax, messenger services, and express mail are out-of-pocket expenses and not taxable items of cost under § 1920. See Pinkham v. Camex, Inc. 84 F.3d 292, 294-95 (8th Cir. 1996) (holding expenses such as long distance, fax, messenger services, and express mail are out-of-pocket expenses and not items os cost under § 1920).  Inasmuch as Plaintiffs seek to recover fees for postage and handling, shipping and/or courier service and faxes, such costs are not properly taxable.  Smith v. Tenet Healthsystem SL, Inc., 436 F.3d 879 (8th Cir. 2006) ("28 U.S.C. § 1920 does not authorize taxing a party for postage and delivery expenses."); B.W.A. v. Farmington R-7 Sch. Dist., Cause No. 4:06cv1691JCH, Docket No.

50 at p. 3 (March 17, 2009).  Because these expenses are not recoverable, Plaintiffs' Bill of Costs will

be reduced by $22.81, the amount of the various charges for postage and handling and $71.50, the

amount of the various charges for faxes.

### C.  Mediation Costs and Fees

Plaintiffs also request they be awarded other costs including mediation costs and mediation

out of pocket cost (lunch).  Neither of these costs are provided for under the categories set forth in

28 U.S.C. § 1920.  Finan v. Good Earth Tools, Inc.,  2008 WL 1805639, at *11 (E.D. Mo. 2008);

Brisco-Wade v. Carnahan, 297 F.3d 781, 782 (8th Cir. 2002); Martin v. State Farm Mut. Auto. Ins.

Co., No. 4:96cv1179CAS (E.D. Mo. June 2, 1998) (a mediator's fees are not an item of taxable cost

under 28 U.S.C. § 1920).[2]  Accordingly, the Court declines to award Plaintiffs $1,002.96 for costs

associated with mediation and lunch.

### D.  Fees for Witnesses

Plaintiffs seek ths sum of $345.00 in connection with witness fees.  Five witnesses, Nicole

Shelton, Norine Koch, Mildred Lutes, Gary Schefler, and Richard Bland, were each paid witness fees

in the amount of $69.00.  28 U.S.C. § 1821(b) provides "[a] witness shall be paid an attendance fee

of $40 for each day's attendance."  The Court finds Plaintiffs are entitled to costs for these five

witnesses in the amount of $40.00 each.  Morissey v. County Tower Corp., 568 F. Supp.  980, 982

(E.D. Mo. 1983).  Accordingly, costs for fees and disbursements for witnesses will be taxed in the

amount of $200.00.

---

[2]Furthermore, this Court's local rules provide that absent other agreement or ordered by
the Court, each party will bear its own cost of mediation.  See E.D. Mo. Local Rule 6.03(C)(1).

### E. Deposition Costs

Plaintiffs seek a total of $1,164.10 for transcripts costs, postage and handling, copying exhibits, and/or court reporter attendance fees incurred in the depositions of the following witnesses: Gary Scheffler ($389.00, $380.00 for copy of transcript , $7.00 postage and handling, and $2.00 for copying exhibits), Renee B. Lee ($289.40, $257.40 for copy of transcript, $25.00 for condensed transcript, and $7.00 for postage and handling), Dr. Dan Weinstein ($206.70, $195.70 for copy of transcript, $4.00 for copying exhibits, and $7.00 for postage and handling), and Officer Derek Piasecki ($279.00, $234.00 for the original and one copy, $37.50 for the attendance of reporter, and $7.50 for delivery).

The Court has broad discretion to tax costs of depositions that are reasonably necessary to the case and that were not taken purely for investigative purposes. Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 363 (8th Cir. 1997); Slagenweit v. Slagenweit, 63 F.3d 719, 720 (8th Cir. 1995). Absent specific objections that depositions were improperly taken, "deposition costs will be taxed as having been necessarily obtained for use in the case within the meaning of 28 U.S.C. § 1920." Meder v. Everest & Jennings, Inc., 553 F. Supp. 149, 150 (E.D. Mo. 1982) (internal quotations and citation omitted). The Court finds, given the role of the persons deposed in the events underlying the action, that the deposition costs for which Plaintiffs seek reimbursement were reasonably and necessarily incurred for use in the case. Id. Plaintiffs, however, have provided no information regarding the need for the condensed transcript, and therefore, the cost of the $25.00 condensed transcript will be denied. Further, the Court will reduce the amount requested by $28.50, the amount of the various charges for postage and handling. Accordingly, costs for transcripts costs, postage and

- 7 -

handling, copying exhibits, and/or court reporter attendance fees incurred in the depositions will be taxed in the amount of $1,110.60.

### F. Process Server Fees

Plaintiffs seek a total of $1,084.74 in connection with fees paid to process servers other than the United States Marshals as follows: $100.00 to Peter & Paul Community Services; $600.00 to David Pearson[3]; $160.00 to Cole County Sheriff; $21.78 to St. Francois County Sheriff; $40.00 to Callaway County Sheriff, $67.28 and $59.68 to A-1 Private Investigations, LLC, and $36.00 St. Louis County. Only United States Marshal's fees for service are taxable as costs, and costs associated with the use of a special process server are not allowed. See Crues v. KFC Corp., 768 F.2d 230, 234 (8th Cir. 1985) (holding a prevailing party may not recover costs related to the use of a special process server); see also Exec. Air Taxi Corp. v, City of Bismarck, 2006 WL 3544386, at *2 (D.N.D. Nov. 7, 2006) (noting that although the role of the federal marshal in civil lawsuits has been diminished since the Eighth Circuit's decision in Crues, district courts remain bound by that decision). Although some other courts have declined to follow the Crues decision, this Court is bound to follow Eighth Circuit precedent. See, e.g., E.E.O.C. v. W & O, Inc., 213 F.3d 600, 624 (11th Cir. 2000). Accordingly, the costs paid to process severs other are not taxable as costs, and therefore, the Court will not award such costs.

---

[3]The Court notes that Plaintiffs inadvertently listed the fee as $700.00, but the check reflects payment in the amount of $600.00.

### G. Expert Fees

Plaintiffs seek a total of $9,835.00 in connection with expert witness fees paid to Dr. Daniel Weinstein and Shirley Schaper.  This cost will be taxed pursuant to 28 U.S.C. § 1920.  The Court will award $9,835.00 for the cost of expert witnesses.

### H. Fees to the Clerk

Plaintiffs seek $94.00 as fees to the Clerk, but the Court notes that Plaintiffs listed $91.00 as the amount of the filing fee in the circuit court.  This cost will be taxed pursuant to 28 U.S.C. §1920(1).  The Court will award $91.00 for the cost of filing their lawsuit.

### F. Other Costs

Plaintiffs also request they be awarded costs for medical records fees, research fees (Verdict Reporter), police report retrieval fees, parking fees for April 9-12, 2012, research fees (PACER), parking fees, and fees of Jaime DeRousse.  None of these costs are provided for under the categories set forth in 28 U.S.C. 1920.  See Standley, et al. v. Chilhowee R-IV Sch. Dist., et al., 5 F.3d 319, 325 (8th Cir. 1993) (holding "computer-aided research, like any other form of legal research, is a component of attorneys' fees and cannot be taxed as an item of cost in addition to the attorneys' fee award.").  Plaintiffs cite no Eighth Circuit authority in support of these items of cost.  Likewise, for lack of documentation, the Court will not allow Plaintiffs' costs for Jamie DeRousse and the parking fees for April 9-12, 2012.

To summarize, the Court will order taxed the following costs:

Fees for witnesses:     $200.00

Fees of the Clerk:      $91.00

Expert Fees:            $9,835.00

- 9 -

In conclusion, the Court will grant in part and deny in part Plaintiffs' Supplemental Bill of Costs.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Bill of Costs and Supplemental Bill of Costs (Docket Nos. 118 and 136) are Granted in part and Denied in part.  The costs are taxed against Defendant in the amount of $10, 126 as set forth above.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Attorney's Fees, Supplemental Motion for Attorney's Fees, and Supplemental Motion for Attorney's Fees, (Docket Nos. 114, 118, and 133) are DENIED WITHOUT PREJUDICE subject to refiling one consolidated Motion for Attorney's Fees after the Court enters a ruling on Defendant's Motion for Judgment Notwithstanding the Verdict, or, in the Alternative, for a New Trial.

            _____/s/Terry I. Adelman_____
            UNITED STATES MAGISTRATE JUDGE

Dated this  29th  day of March, 2013.