UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANGELA MARIE LEE, By and Through Next Friend, RENEE B. LEE, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) No. 4:09CV1977 TIA |
| ALBERT LEE BORDERS, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Consolidated Motion for Attorney's Fees. (Docket No. 147), requesting attorneys' fees in the amount of $325, 678.70 which Plaintiffs incurred from December 17, 2011 through February 29, 2012. Defendant has filed opposition thereto. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

**I.  Background**

Plaintiff originally filed suit against Defendants Albert Lee Borders, St. Charles Habilitation Center, and the Missouri Department of Mental Health in the Circuit Court of St. Charles County in a three-count petition. On December 3, 2009, Defendants St. Charles Habilitation Center and Missouri Department of Mental Health removed the case to federal court on the basis that Counts II and III are brought under 42 U.S.C. § 1983 for alleged deprivation of Plaintiff's right under the Fourth, Fifth, and Fourteenth Amendments. On November 19, 2010, the undersigned granted Defendants St. Charles Habilitation Center and Missouri Department of Mental Health's Motion to Dismiss.

On April 12, 2012 after a two-day trial, the jury returned a verdict in favor of Plaintiff Angela

Marie Lee on each of her claims against Defendant Borders and awarded a total of $1,000,000.00 in compensatory damages and $3,000,000.00 in punitive damages. On September 23, 2013, Defendant Borders filed a Notice of Appeal. The Eighth Circuit Court of Appeals issued an Opinion dated August 25, 2014 affirming the compensatory damages award and the punitive damages award. Angela Marie Lee v. Albert Lee Borders, No.13-3128 (8th Cir. Aug. 25, 2014).

Plaintiff is the prevailing party in this action and has moved for an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

**II.  Discussion**

Under 42 U.S.C. § 1988(b), in an action under § 1983, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . ." A prevailing party in a civil rights action should ordinarily recover such attorneys' fees unless special circumstances rendered an award unjust. Hensley v. Eckerhart, 461 U.S. 424, 429 (1983). To determine the amount of reasonable attorneys' fees, courts employ the "lodestar" method and multiply the number of hours reasonably expended with a reasonable hourly rate. Id. at 433. In making this determination, courts consider twelve factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Hensley v. Eckerhart, 461 U.S. 424, 430 n.3 (1983). "A request for attorney's fees should not result

in a second major litigation." Id. at 437.  It is preferable that the litigants settle on the amount of a fee.  Where settlement is not possible, the party seeking fees bears the burden of establishing and documenting the time reasonably expended on the case and reasonable hourly rates.  Id. at 433 & 437.

The same federal law that prohibits deprivation of constitutional rights by state actors provides for an award of attorneys' fees to prevailing plaintiffs.  See 42 U.S.C. § 1988.  The Eighth Circuit has articulated the important public policy underlying the fee-shifting provisions implicated by successful § 1983 litigation:

> Congress intended that "[i]n computing the fee, counsel for prevailing parties should be paid, as is traditional for attorneys compensated by a fee-paying client, 'for all time reasonably expended on a matter.'" S.Rep. No. 1011, 94th Cong. 2d Sess, 5 (1976), *reprinted in* 1976 U.S.C.C.A.N. 5908, 5913.  The primary purpose of this formulation is to promote diffuse private enforcement of civil rights law by allowing the citizenry to monitor rights violations at their source, while imposing the costs of rights violations on the violators.  See id.  A plaintiff bringing a civil rights action "does so not for himself alone but also as a 'private attorney general,' vindicating a policy that Congress considered of the highest priority.  If successful plaintiffs were routinely forced to bear their own attorney's fees, few aggrieved parties would be in a position to advance the public interest...." Newman v. Piggie Park Enterprises, Inc., 390 U.S. 400, 402 (1968).
>
> In order for such a policy to be effective, Congress felt it appropriate to shift the true full cost of enforcement to the guilty parties to eliminate any obstacle to enforcement. "It is intended that the amount of fees awarded under [§ 1988] be governed by the same standards which prevail in other types of equally complex Federal litigation, such as antitrust cases...." U.S.C.C.A.N. 5908, 5913.

Casey v. City of Cabool, 12 F.3d 799, 805 (8th Cir. 1993) (alterations in original).

### A. **Prevailing Party**

Plaintiff is the prevailing party.  "A prevailing party [is] one who has succeeded on any significant claim affording it some of the relief sought, either *pendent elite* or at the conclusion of the

litigation." Texas State Teachers Ass'n v. Garland Ind. Sch. Dist., 489 U.S. 782, 791 (1989). This suit was instituted pursuant to 42 U.S.C. § 1983 for deprivation of Plaintiff's substantive due process right to bodily integrity against Albert Lee Borders, St. Charles Habilitation Center, and the Missouri Department of Mental Health  Plaintiff's status as prevailing party is not diminished by the fact that she did not prevail on every claim or theory. The Court dismissed her claims against Defendants St. Charles Habilitation Center and Missouri Department of Mental Health based on sovereign immunity. Her claims in this lawsuit were interrelated, and the legal work done on those claims was part and parcel of a single attempt to establish and vindicate Plaintiff's rights. Hensley, 461 U.S. at 453; see also Wal-Mart Stores, Inc. v. Barton, 223 F.3d 770, 773 (8th Cir. 2000)("If the plaintiff has won excellent results, he [or she] is entitled to a fully compensatory fee award, which will normally include time spent on related matters on which he [or she] did not win...."); Dorr v. Weber, 741 F. Supp. 2d 1022, 1032 (N.D. Iowa 2010) (("[A]lthough only [the plaintiff] prevailed against one of several defendants, and upon only one of his claims against that defendant, no reduction in fees is required. Instead, I find that the claims against the defendants were inextricably intertwined and involved a common core of facts as well as related legal theories."). Plaintiff obtained substantial relief in this case in the form a determination that her constitutional rights were violated, and an award of monetary damages; thus, she should recover for her counsel " a fully compensatory fee." Hensley, 461 U.S. at 435 ("Where plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee.").

B. **Reasonable Attorney's Fees**

Plaintiff's attorneys, Derek M. Rudman, Douglas M. Rudman, and Timothy J. Smith, have submitted declarations seeking compensation for 1209.86 hours of their time, and a total of 257.93

hours of paralegal time. According to their declarations, the attorney's hourly rate is $250.00 and the hourly rate for the paralegals is $90.00. (Decl. of Douglas B. Rudman ECF Nos. 118-6 and 147-3; Decl. of Timothy J. Smith ECF Nos. 118-9 and 147-6;Derek M. Rudman, ECF Nos. 118-11 and 147-8). Defendant does not contest either the reasonableness of the paralegals requested hourly rate of $90.00 or the 257.93 hours billed.

At the outset, by issuing the instant ruling, the Court does not question the ethics or abilities of Plaintiff's counsel or their success in this case.

Under Eighth Circuit precedent in setting reasonable attorney's fees, the Court considers whether the hourly rates requested are reasonable in light of prevailing rates in the community for comparable services by lawyers of reasonably comparable skill, experience, and reputation. See Moore v. City of Des Moines, 766 F.2d 343, 346 (8th Cir. 1985). When determining reasonable hourly market rates, district courts may rely on their own experience and knowledge of prevailing rates in the community. See Warnock v. Archer, 397 F.3d 1024, 1027 (8th Cir. 2004). "A reasonable [attorney's] fee is 'one that is adequate to attract competent counsel, but ... [that does] not provide windfalls to attorneys.'" McDonald v. Armontrout, 860 F.2d 1456, 1458 (8th Cir. 1988) (quoting Blum v. Stenson, 465 U.S. 886, 897 (1984)).

Plaintiff was represented by Derek M. Rudman, Douglas M. Rudman, and Timothy J. Smith and seeks to recover fees based on th rate of $250.00 per hour for each attorney. Defendant does not contest the reasonableness of counsel's requested hourly rate of $250.00. (Defendant Border's Memorandum in Opposition to Plaintiff's Consolidated Motion for Attorney's Fees, ECF No. 150 at *4, fn. 2).

The question is the reasonableness of the hours expended. Hensley, 461 U.S. at 434. Hours

that are "excessive, redundant, or otherwise unnecessary" are not to be included an award of fees. Id. at 433-34. As explained below, the Court finds that not all the hours included by each of the three attorneys are reasonable.

In response, Defendant Borders has filed an opposition to the Plaintiff's motion for fees, asserting that the substantial number of hours sought are excessive, unnecessary, and unreasonable. In support of this contention, the Defendant notes how the three experienced attorneys had seventy-five[1] meetings lasting approximately 370[2] hours labeled "Litigation Team Meeting Review" on topics ranging from discovery, legal issues, depositions, witnesses, experts, ADR, damages, and trial strategy. Defendant does not object to fifty attorney meeting hours. The Court agrees that reasonable attorney's fees are warranted in this case. However, as the Court will explain in greater detail, the amount requested by the Plaintiff is excessive and will be reduced accordingly.

The general principles governing the award of attorney's fees are well-settled. First, the number of hours reasonably expended multiplied by the attorneys' reasonable hourly rates to determine the product or "lodestar" figure. Hensley, 461 U.S. at 433. Because Section 1988 does not define the term "reasonable attorney's fee," courts have adopted the "lodestar approach" in

---

[1]The undersigned notes that Defendant included hours billed on September 24 and October 29, 2008 and May 13, 2009 as litigation meetings, but on those dates, the three attorneys had meetings with the clients. Also, the undersigned will exclude the hours billed on June 10, 2009 ( a meeting with Doug Rudman and Tim Smith) and December 3, 2009 (three attorneys reviewed and discussed entry of appearance from opposing counsel). A review of the billing statement shows Defendant failed to include the following litigation meetings held on March 26, 2008 (4 hours), April 9, 2008 (1.45 hours), April 23, 2008 (6 hours), March 10, 2010 (6 hours), March 16, 2011 (6.75 hours), June 29, 2011 (.25 hours), August 17, 2011 (.5 hours), September 7, 2011 (3.75 hours), March 7, 2012 (6 hours), and March 21, 2012 (6 hours).

[2]After making the adjustments set forth in footnote 1, the undersigned calculated 399.45 hours billed for litigation team meetings.

making that determination. Ladd v. Pickering, 783 F. Supp. 2d 1079, 1090 (E.D. Mo. 2011) (quoting

Perdue v. Kenny A. ex rel Winn, 599 U.S. 542, 130 S. Ct. 1662, 1672 (2010)). This well-established standard for assessing attorney's fees determines the number of hours reasonably expended on the subject matter multiplied by a reasonable hourly rate. Hensley, 461 U.S. at 43-34. The district court may, in its discretion, exclude hours not reasonably spent on the matter from the lodestar calculation. Keslar v. Bartu 201 F.3d 1016, 1018 (8th Cir. 2000). The lodestar approach provides an "initial estimate" of the appropriate amount to award that is strongly presumed to represent a reasonable fee. Perdue, 130 S. Ct. at 1673.

The district court should exclude from the fee calculation hours that were not reasonably expended such as when cases are overstaffed. Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant or otherwise unnecessary. Quigley v. Winter, 598 F.3d 938, 956-57 (8th Cir. 2010) (quoting Hensley, 461 U.S. at 433) (internal citations omitted); see also Hanig v. Lee, 415 F.3d 822, 825 (8th Cir. 2005). If the plaintiff satisfies this burden and demonstrates to the court's satisfaction that the hours claimed and the hourly rates are reasonable, the lodestar "'provides an objective basis on which to make initial estimate' of the value of a lawyer's services." Hensley, 461 U.S. at 433.

In assessing the reasonableness of the lodestar, this Court is to consider whether the hours of work claimed by counsel were in fact reasonably expended. A district court properly excludes from the lodestar calculation hours claimed on the grounds that they are "excessive, redundant, or otherwise unnecessary." Hensley, 461 U.S. at 434; see also El-Tabech v. Clarke, 616 F,3d 834, 841 (8th Cir. 2010).

Although Plaintiff's counsel contends that the novelty, complexity of the issues, and the amount of the verdict justifies the amount of attorney's fees billed, the Court's review of the documentation submitted persuades it that the hours claimed for the eighty entries for litigation team meeting review were not reduced sufficiently to account for the triplicate billing of the three attorneys for each meeting. The three attorneys held eighty litigation team meetings between January 9, 2008 and March 21, 2012 where all three attorneys attended and billed 399.45 hours accounting for almost a third of the total hours billed by the attorneys. Counsel opined in their declarations that they reviewed their individual billings "for conferences in which we discussed strategy or a legal issue such that active participation by more than one person was essential." (Decl. of Douglas Rudman ECF No. 118-6 at ¶ 22; Decl. of Timothy J. Smith ECF No. 118-9 at ¶ 20;Derek M. Rudman, ECF No. 118-11 at ¶ 21).

In light of the case not being novel or overly complex, the Court finds that the case was overstaffed and an inordinate amount of time was spent on communications between Plaintiff's attorneys at these litigation team meetings. See, e.g., Albright v. The Bi-State Dev. Agency of the Missouri-Illinois Metro. Dist. d/b/a Metro, 2013 WL 4855304, Cause No. 4:11cv1691AGF (Sept. 11, 2013); Stutzka v. McCarville, 243 Fed. App'x 195 (8th Cir. 2007) (affirming district court's reduction of $103,274.45 fee request to an award of $3,000.00 due to relative lack of complexity of case); H.J. Inc. v. Flygt Corp., 925 F.2d 257, 260 (8th Cir. 1991) (affirming district court's 50% reduction in lodestar based on limited results and simplicity of case as sound exercise of discretion). "A court may reduce attorney hours, and consequently fees, for inefficiency or duplication of services in cases where more than one attorney is used." A.J ex rel. L.B. v. Kierst, 56 F.3d 849, 864 (8th Cir. 1995).

The explanation offered by counsel for why this case required lengthy, frequent litigation team meetings with all three attorneys is not justified or reasonable, because as noted by counsel, they have experience as a litigators in constitutional law, criminal law, and other areas. Although Plaintiff's counsel undoubtedly needed to keep abreast of events in the case, time should have been written off or discounted in light of the duplicative effort. The Court finds the 399.45 hours billed for these team litigation meetings attended by all three counsel resulted in excessive billing and will reduce the number of hours submitted by Plaintiff's counsel for the team litigation meetings by 300 hours. See Wal-Mart Stores, Inc. v. Barton, 223 F.3d 770, 772-74 (8th Cir. 2000) (fees will not be awarded for unnecessary or excessive hours billed by plaintiff's counsel).

Likewise, the Court finds that all three attorneys attending the client meetings except the initial one on November 26, 2007, to be unnecessary so the Court will only allow time for one attorney to attend the client meetings on September 24, 2008 (2 hours), October 29, 2008 (2 hours), March 4, 2009 (1.2 hours), May 13, 2009 (2 hours), March 31, 2010 (2 hours), August 11, 2010 (2 hours), and March 8, 2011 (2 hours) and will therefore disallow 26.4 hours billed. Further, the Court will only allow time billed for one attorney attending the mediation on March 10, 2011 (8 hours), and the deposition of Renee Lee on September 22, 2011 (3 hours). Kline v. City of Kansas City, Mo. Fire Dept., 245 F.3d 707, 709 (8th Cir. 2001) (affirming trial court's fee award, including a 15% reduction for overlawyering); Van Cleve v. Soc'y of St. Vincent De Paul, 2005 WL 1868876, at * 4 (N.D. Iowa Apr. 4, 2005) (declining to award fees for two attorneys to attend depositions).

Also given counsel's expertise and experience, they will not be awarded for time spent in excess of the minimal expenditure that the following activities require: .1 hour on December 3, 2009, to review and discuss an entry of appearance; and .1 on March 13, 2012 to review Dana Tucker's

entry of appearance. Moreover, the Court will also exclude a total of 12 hours of the 39.25 hours billed on April 11, 2012 noting that the trial minute sheet reflects the Court was in session for 6.6 hours that day, and the case went to the jury so 9 billable hours per attorney seems reasonable. See Beard v. Flying J, Inc., 2000 WL 33361999, *5 (S.D. Iowa Dec. 4, 2000) (declining to award attorney fees for .25 hours spent reviewing a one-sentence pleading by one party joining in another party's response to the plaintiff's request for attorney fees). Likewise, the Court will disallow the .25 hour on February 28, 2012 to review joint motion to amend CMO noting no such motion was filed on that date or thereafter.

"Compensation for ... clerical work tasks is not appropriate." Sellers v. Peters, 624 F.Supp.2d 1064, 1069 (E.D. Mo. 2008). Plaintiff is "not entitled to attorney's fees for time expended for work that should be considered clerical in nature." Neely v. Astrue, 2010 WL 1250805, at * 2 Specifically, the undersigned finds the request for the following to fall in this category: 1.15 hours driving to police station to obtain police report on May 7, 2008; 1.45 hours calling Nancy at Fulton to get records on February 3, 4, and 5, 2011; .85 hours calling evidence clerk, leaving message on March 14, 2012 and speaking with her on March 15, 2012; 1 hour delivering motion in limine to Court on March 26, 2012; 3.4 hours organizing mini file and buying supplies on March 27, 2012; 1 hour obtaining original letters of guardianship on April 2, 2012; and 1.5 hours returning evidence to police on April 19, 2012. See Mogck v. Unum Life Ins. Co. of Amer., 289 F.Supp.2d 1181, 1193 (S.D. Cal. 2003) ("'[W]hen a lawyer spends time on tasks that are easily delegable to non-professional assistance, legal service rates are not applicable.'") (quoting New Mexico Citizens for Clean Air & Water v. Espanola Mercantile Co., Inc., 72 F.3d 830, 835 (10th Cir. 1996)). Accordingly, the Court finds counsel is not entitled to attorney's fees for time expended for work that

should be considered clerical in nature and reduces the hours of attorney work requested by 10.35 hours. See Granville House, Inc. v. Department of Health, Educ. and Welfare, 813 F.2d 881, 884 (8th Cir. 1987) (holding the plaintiff's attorney was not entitled to compensation for work which "could have been done by support staff."); Van Cleve, 2005 WL 1868876, at * 4 (examples of non compensable clerical tasks include scheduling depositions, securing court reporters, calendaring deadlines, and ordering transcripts).

For the foregoing reasons, of the 1209.86 hours requested by counsel, as reflected in their Statements of Time Expended, 371.8 hours will not be allowed. The remaining 838.06 hours times their hourly rate of $250 equals $209,515.00. This amount will be allowed. The Court finds this amount to be more than reasonable in light of the nature and complexity of the case and the work required. Further, the 257.93 hours billed for paralegals at the hourly rate of $90.00 will be allowed with the total being awarded in the amount of $23,213.70. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Consolidated Motion for Attorneys' Fees (Docket No. 147) is GRANTED, in part.

**IT IS FURTHER ORDERED** that Plaintiff shall receive an attorney's fee award in the amount of $232,728.70.

        /s/Terry I. Adelman
    UNITED STATES MAGISTRATE JUDGE

Dated this  26th  day of September, 2014.